IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>TIMOTHY ALLEN WEAVER,<br><br>Defendant/Movant. | Cause No. CR 17-57-GF-BMM<br>CV 19-41-GF-BMM<br><br>ORDER DENYING § 2255 MOTION<br>AND DENYING CERTIFICATE<br>OF APPEALABILITY |

Defendant/Movant Timothy Weaver filed a motion to vacate, set aside, or correct his sentence on May 12, 2019. *See* Mot. § 2255 (Doc. 95). Following a brief explanation of the motion's deficiencies, *see* Order (Doc. 97), Weaver filed an amended motion on August 21, 2019, *see* Am. § 2255 Mot. (Doc. 98).

The transcripts of the change of plea hearing, held January 30, 2018, and the sentencing hearing, held May 29, 2018, are needed to decide the issues that Weaver presents. The United States will be required to order these transcripts for the record and to deliver a copy to Weaver. *See* 28 U.S.C. § 753(f).

A grand jury indicted Weaver on 65 counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) (Counts 1–65). The grand jury indicted Weaver and his common-law wife, Michelle Andra Joyner, on nine counts of sexual exploitation of another child in violation of 18 U.S.C. § 2251(a) (Counts 66–74).

1

Finally, the grand jury indicted Weaver on two counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) (Counts 75 and 76). *See* Indictment (Doc. 1) at 2–8. If convicted on any of Counts 1–74, Weaver would be sentenced to at least 15 years in prison and up to 30 years. If convicted on Counts 75 or 76, he would be sentenced to at least five years in prison and up to 20 years. Any count could be imposed to run consecutive to the other counts. *See* 18 U.S.C. §§ 2251(e), 2252(b)(1), 3584(a), (b).

Weaver agreed to plead guilty to Counts 1, 67, and 75 and to forfeit the eMachines computer, Polaroid tablet, and Microsoft cellular telephone and MicroSDHC media card found at his residence. The United States agreed to dismiss Counts 2–66, 68–74, and 76 and conditionally agreed to recommend a three-level downward adjustment for acceptance of responsibility. *See* Plea Agreement (Doc. 55) at 2–5 ¶¶ 2–4, 8 ¶ 6. Count 1 alleged that, on July 10, 2011, he caused Jane Doe to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct. Count 67 alleged that he and Joyner together did the same on June 26, 2016. Count 75 alleged that Weaver received, between March 30, 2010, and April 18, 2016, a depiction of the same sort involving a child other than Jane Doe. *See* Indictment at 2, 7–8.

On May 29, 2018, the Court sentenced Weaver to serve 360 months in prison on Counts 1 and 67, concurrent, and 140 months on Count 75, consecutive,

for a total term of 500 months, to be followed by a life term of supervised release. *See* Judgment (Doc. 86) at 2–3. Weaver did not appeal. He timely filed his § 2255 motion on May 12, 2019. *See* Mot. § 2255 (Doc. 95) at 11.

To warrant further proceedings under § 2255, Weaver must allege facts supporting an inference that counsel's performance was unreasonable and that, but for that unreasonable performance, Weaver might have obtained a better outcome. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

Weaver alleges that counsel failed to investigate his home and so counsel did not realize "we had no internet to download the images in question." He claims as follows:

> Computer was b[]ought used with images in question on it. So we tried to delete them off. But since electricity was from a generator, they would return whe[n] computer reset. Images w[]ere of non-nude art photos, not child p[or]nography. So we kept computer. If this would have come to li[ght], it would have took receipt of child pornography off the charges, or at least narrowed charges down.[1]

Am. § 2255 Mot. (Doc. 98) at 3; *see also* Mot. § 2255 (Doc. 95) at 5.

In other words, Weaver alleges that the eMachines computer held artistic, non-pornographic images of children at the time that he bought it. He claims that he tried to delete the images, they returned, because he was using electricity from a generator. Weaver decided to keep the computer anyway, because the images were not pornographic in his opinion.

---

[1] Brackets show what the Court understands Weaver to say.

By contrast, at the change of plea hearing, Weaver admitted that he had downloaded child pornography. Before sentencing, counsel also checked again on the nature of the images in question. As the sentencing transcript will show, he withdrew at sentencing the objections that he had previously preserved. *See* Def. Sentencing Mem. (Doc. 80) at 4–5; Minutes (Doc. 84). Everyone involved with the case knew the family group was living "off the grid." *See, e.g.*, Forensic Eval. Report (Doc. 49) at 1; Presentence Report ¶¶ 77, 105–106. The family did not move to Dearborn until 2014, *see* Presentence Report ¶ 74, and Weaver pled guilty to receiving child pornography between March 2010 and April 2016. Weaver's new allegation prove unworthy of belief in light of the record and does not warrant further proceedings. *See United States v. Withers*, 638 F.3d 1055, 1062–63 (9th Cir. 2011).

Weaver also alleges that counsel did not tell him that he could plead guilty to one charge, but not others. Weaver pled guilty to three out of 76 counts. Weaver knew the elements of Counts 1 and 67 differed from the elements of Count 75. *See, e.g.*, Plea Agreement (Doc. 55) at 3–5. His statements at the change of plea hearing met the elements of each charge. This allegation, like the previous one, proves unworthy of belief in light of the record.

Weaver claims that counsel provided ineffective assistance by not investigating evidence, by not filing an appeal, and by not returning

4

communications after court. *See* Am. § 2255 Mot. (Doc. 98) at 3; *see also* Mot. § 2255 (Doc. 95) at 4. Weaver was previously advised of the elements of an ineffective assistance claim and the nature of the facts he must specify. *See* Order (Doc. 97) at 1–2. He has not alleged facts supporting an inference either that counsel performed unreasonably or that a better outcome was realistically possible.

None of Weaver's claims warrants further consideration or development. He has not made a showing of any substance that he was denied a constitutional right. *See* 28 U.S.C. § 2253(c)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012). His motion and a certificate of appealability will be denied.

Accordingly, IT IS ORDERED:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the change of plea hearing, held January 30, 2018, and the sentencing hearing, held May 29, 2018, are needed to decide the issues Weaver presents.

2. The United States shall immediately order the transcripts of those hearings for the Court's file and deliver copies to Timothy Allen Weaver, BOP #16906-046, USP Tucson, U.S. Penitentiary, P.O. Box 24550, Tucson, AZ 85734.

3. Weaver's motion and amended motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 95, 98) are DENIED.

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Weaver files a Notice of Appeal.

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 19-41-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Weaver.

DATED this 28th day of August, 2019.

Brian Morris
United States District Court Judge